# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY R. O.,[1] <br>     Plaintiff, <br> v. <br> NANCY A. BERRYHILL, Deputy Commissioner of Operations of Social Security, <br>     Defendant. | Case No. ED CV 17-02297-RAO <br><br> **MEMORANDUM OPINION AND ORDER** |

## I. INTRODUCTION

Plaintiff Jeremy R. O. ("Plaintiff") challenges the Commissioner's denial of his application for a period of disability and disability insurance benefits ("DIB"). For the reasons stated below, the decision of the Commissioner is AFFIRMED.

## II. PROCEEDINGS BELOW

On September 23, 2013, Plaintiff filed a Title II application for a period of disability and DIB alleging disability beginning January 20, 2013. (Administrative

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Record ("AR") 90-91, 108.) His application was denied initially on February 13, 2014, and upon reconsideration on May 6, 2014. (AR 134, 142.) On May 14, 2014, Plaintiff filed a written request for hearing, and a hearing was held on May 2, 2016. (AR 40, 149.) Represented by counsel, Plaintiff appeared and testified, along with an impartial vocational expert. (AR 42-89.) On June 1, 2016, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, pursuant to the Social Security Act,[2] since January 20, 2013. (AR 34.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (AR 1.) Plaintiff filed this action on November 13, 2017. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 20, 2013, the alleged onset date ("AOD"). (AR 23.) At **step two**, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine; obesity; and major depressive disorder. (*Id.*) At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (AR 24.)

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> [P]erform a limited range of unskilled sedentary work . . . with the following limitations: The claimant can lift and lift/carry 3 to 5 pounds occasionally. He can stand for 15 minutes at a time for a total of 2 hours in an 8-hour workday with a cane option for walking. He can sit

---

[2] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

> 45 minutes at a time for a total of 6 hours in an 8-hour workday. He can occasionally stoop, bend, twist, or squat. He cannot kneel, crouch, or crawl. He can climb or descend a few steps up and down, but cannot climb full flights of stairs. He cannot overhead lift or reach. He can frequently reach, handle, and finger. He cannot have foot control duties. He will have to work with a restroom nearby for quick access. He is limited to unskilled work and requires a low stress work environment, which means no working with the general public or crowds of coworkers. He also needs a low concentration, unskilled work environment, which means he could be alert and attentive but only to unskilled work tasks. He needs a low-memory, unskilled work environment, which means [he can] understand, remember, and carry out only simple work instructions.

(AR 26.) At **step four**, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR 32.) At **step five**, based on Plaintiff's RFC and the vocational expert's testimony, the ALJ found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (AR 33.) Accordingly, the ALJ determined that Plaintiff has not been under a disability from the AOD through the date of decision. (AR 34.)

### III. <u>STANDARD OF REVIEW</u>

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

///

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see Robbins*, 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. **DISCUSSION**

Plaintiff raises a single issue for review: whether the ALJ properly considered the opinions of Plaintiff's treating physicians. (*See* Joint Stipulation ("JS") 5.) For the reasons below, the Court affirms.

### A. **Applicable Legal Standards**

Courts give varying degrees of deference to medical opinions based on the provider: (1) treating physicians who examine and treat; (2) examining physicians who examine, but do not treat; and (3) non-examining physicians who do not examine or treat. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). Most often, the opinion of a treating physician is given greater weight than the opinion of a non-treating physician, and the opinion of an examining physician is given greater weight than the opinion of a non-examining physician. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

///

The ALJ must provide "clear and convincing" reasons to reject the ultimate conclusions of a treating or examining physician. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Lester*, 81 F.3d at 830-31. When a treating or examining physician's opinion is contradicted by another opinion, the ALJ may reject it only by providing specific and legitimate reasons supported by substantial evidence in the record. *Orn*, 495 F.3d at 633; *Lester*, 81 F.3d at 830; *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings.'" *Garrison*, 759 F.3d at 1012 (citation omitted).

**B.    Discussion**

In addition to the opinions provided by Plaintiff's two treating physicians, the ALJ considered the opinions of a consultative examiner, a treating mental health provider, and state agency medical consultants who reviewed Plaintiff's application. (*See* AR 30-31.) Because these opinions conflict with the treating physicians' opinions, the ALJ must provide specific and legitimate reasons supported by substantial evidence in order to reject the treating opinions. *See Orn*, 495 F.3d at 633.

1.    <u>Opinion of Robert Santella, M.D.</u>

Dr. Santella completed a medical source statement on March 10, 2014. (AR 379-80.) He indicated that Plaintiff was limited to sedentary work. (AR 379.) Dr. Santella opined that Plaintiff could lift and/or carry 20 pounds occasionally and less than 10 pounds frequently, could stand and/or walk less than 2 hours in an 8-hour workday, and could sit for less than 6 hours of an 8-hour workday. (*Id.*) He assessed that Plaintiff could occasionally perform postural activities, but could never climb. (*Id.*) Dr. Santella also assessed handling and environmental limitations. (AR 380.)

///

5

### 2. Opinion of Casey Fisher, M.D.

Dr. Fisher completed a medical source statement on March 16, 2016. (AR 402-03.) He opined that Plaintiff could lift and/or carry 10 pounds occasionally and less than 10 pounds frequently, could stand and/or walk less than 2 hours in an 8-hour workday, and could sit for 2 to 3 hours of an 8-hour workday. (AR 402.) Dr. Fisher limited Plaintiff's postural activities to "occasional" or "never," and he limited manipulative activities to "frequent" or "occasional." (AR 403.)

### 3. Discussion

The ALJ gave little weight to the opinions of Dr. Santella and Dr. Fisher. (AR 30-31.) The ALJ noted that medical imaging reports and other medical evidence did not support the degree of limitations imposed by their opinions. (AR 31.) Specifically, the ALJ noted that although positive straight leg tests and medical imaging reports may suggest that a limitation to sedentary work is appropriate, Plaintiff has shown consistently normal motor strength and full range of motion in his cervical and lumbar spine.[3] (*Id.*)

A finding that a treating physician's opinion is inconsistent with other evidence in the record "means only that the opinion is not entitled to 'controlling weight.'" SSR 96-2p, 1996 WL 374188, at *4 (S.S.A. July 2, 1996). "Even when there is substantial evidence contradicting a treating physician's opinion such that it is no longer entitled to controlling weight, the opinion is nevertheless 'entitled to deference.'" *Weiskopf v. Berryhill*, 693 F. App'x 539, 541 (9th Cir. 2017) (citing *Orn*, 495 F.3d at 633); *see* 20 C.F.R. § 404.1527(c)(2) (effective Aug. 24, 2012 to

---

[3] Although Plaintiff contends that the consultative examiner provided conflicting reports about Plaintiff's spinal range of motion (*see* JS 8), the ALJ's interpretation of the evidence as a whole is a rational one, and therefore it must be upheld. *See Ryan*, 528 F.3d at 1198; *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision." (citations omitted)).

6

Mar. 26, 2017) (when a treating source's medical opinion is unsupported by medical evidence or is inconsistent with other substantial evidence, such that it does not receive controlling weight, the ALJ must apply the listed factors to determine its weight). The opinion "must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927." SSR 96-2p, 1996 WL 374188, at *4. For a treating physician, these factors include the length of relationship, frequency of examination, and the nature and extent of the treatment relationship. 20 C.F.R. § 404.1527(c).

Here, the ALJ acknowledged the physicians' treating relationships with Plaintiff, but noted that "the treatment history appears quite brief prior to providing a medical source statement." (AR 31.) The ALJ noted that the record did not show a treating relationship with Dr. Santella until three months prior to Dr. Santella's opinion. (AR 31; *see* AR 350-51.) The ALJ also noted that Dr. Fisher had seen Plaintiff only about three times before providing his opinion. (AR 31; *see* AR 404, 413, 419.) The Court therefore finds that the ALJ appropriately considered and weighed the relevant factors.

Moreover, the ALJ provided additional valid reasons for discounting Dr. Santella's and Dr. Fisher's opinions.

The ALJ acknowledged that Dr. Santella's lifting and carrying restrictions generally appeared to be supported by medical imaging reports. (AR 31; *see* AR 373-77, 428-29.) However, with respect to other limitations, the ALJ determined that Dr. Santella and Dr. Fisher appeared to "rel[y] quite heavily on the subjective report of symptoms and limitations provided by the claimant, and [they] seemed to uncritically accept as true most, if not all, of what the claimant reported." (AR 31.) An opinion that is based on a claimant's discredited subjective complaints may be rejected.[4] *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *see*

---

[4] Plaintiff does not challenge the ALJ's adverse credibility finding, and thus that issue is not before this Court. *See Guith v. Berryhill*, No. 1:16-CV-00625 GSA,

*Khanishian v. Astrue*, 238 F. App'x 250, 253 (9th Cir. 2007) ("[S]ince the treating physicians' diagnoses of symptoms were based on the claimant's subjective complaints that were found not credible, and not on objective medical evidence, it was appropriate to discount the treating physicians' opinions.").

The ALJ also observed that Dr. Santella's and Dr. Fisher's own progress notes fail to support the abnormalities that would be expected if Plaintiff were as limited as they opined. (AR 31.) The ALJ properly rejected the opinions on this basis. *See Valentine*, 574 F.3d at 692-93 (finding that a contradiction between a physician's opinion and his own treatment notes is a specific and legitimate reason to reject that opinion); *Matney on Behalf of Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (an ALJ need not accept an opinion that is unsupported by clinical findings).

In sum, the Court finds that the ALJ's reasons for discounting the opinions of Dr. Santella and Dr. Fisher are supported by substantial evidence.

## V. CONCLUSION

IT IS ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: November 21, 2018

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

### NOTICE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**

---

2017 WL 4038105, at *8 (E.D. Cal. Sept. 13, 2017) ("Plaintiff has not contested the ALJ's credibility determination and therefore, he has waived that argument.") (citing *Carmickle*, 533 F.3d at 1161 n.2).

8